IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE WHITE | : |
|     Plaintiff | : |
| v. | :       Civil Action No. AMD-06-2104 |
| LISA J. W. HOLLINGSWORTH, *et al.* | : |
|     Defendants | ...o0o... |

MEMORANDUM

Now pending in this civil rights action is defendants' motion to dismiss or for summary judgment. Paper No. 17. Plaintiff has opposed the motion. Paper No. 23. The papers have been fully considered and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the motion, construed as a motion for summary judgment, shall be granted.

Background

Plaintiff alleges he was advised on February 21, 2006, that he was too young to have hip replacement surgery.[1] Paper No. 1 at p. 4. He states that he believes he should have hip replacement surgery because he is in pain and he has started experiencing similar pain in the other hip. *Id*. He claims that he learned on July 10, 2006, that both of his hips are bad. *Id*. at p. 5.

Defendants state that plaintiff has suffered from avascular necrosis of the right femoral head, for which he has been prescribed pain relievers. Paper No. 17 at Ex. 2. They admit he has been denied hip replacement surgery because he is only 33 years old and hip replacements in a patient as young as plaintiff will require a repeat replacement. They state that hip replacement surgery can

---

[1] Although the complaint was filed on pre-printed forms for a petition for writ of habeas corpus, it was construed as a civil rights complaint asserting claims arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

only be performed a limited number of times in a patient's life, and therefore it is important not to perform the surgery in a younger patient unless absolutely necessary. They claim that hip replacement surgery is appropriate only in older patients, when there are no other options, or when the pain is unbearable. In the meantime, defendants are providing plaintiff with conservative treatment for his condition, including anti-inflammatory pain relievers and decreased weight bearing through use of crutches or a cane.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of, and construe the facts in the light most favorable to, the non-movant. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will

have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id*. Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*

*v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional injury. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)). "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)). In determining whether an alleged deprivation of medical care amounts to a constitutional violation, courts must consider the severity of the medical problem, the potential for harm if medical care was denied or delayed, and whether such harm actually resulted from the lack of medical attention. *See Burns v. Head Jailor of LaSalle County*, 576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation omitted).

There is no dispute that plaintiff suffers from a serious medical condition. Avascular necrosis is a degenerative disease caused by a loss of blood supply to bones which leads to collapse or deformity of the bones effected. The only dispute is whether the treatment provided to plaintiff is constitutionally adequate. Plaintiff alleges that hip replacement surgery is needed and the failure to replace his right hip has caused his left hip to become affected. Paper No. 1 at pp. 4- 5. Defendants deny that a delay in replacing plaintiff's hip has adversely effected his other hip, and

claim that the disease has simply progressed. Paper No. 17 at Ex. 2, p. 6. The chosen course of treatment in this case is conservative because of plaintiff's age.[2] The fact that plaintiff disagrees with that course of treatment provides no basis for an Eighth Amendment claim. The defendants are therefore entitled to judgment as a matter of law.

To the extent that plaintiff's claims may be construed as a negligence claim under the Federal Tort Claims Act, he has not yet exhausted appropriate administrative remedies, thus depriving this court of any jurisdiction to consider such a claim. Any negligence claim will therefore be dismissed without prejudice. An order follows.

Filed: March 26, 2007                              __/s/_____
                                                   Andre M. Davis
                                                   United States District Judge

---

[2] In the event that plaintiff's condition progresses to become intolerably painful, conservative treatment that does not alleviate pain could constitute infliction of cruel and unusual punishment.